IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PINK FLOYD (1987) LIMITED, | |
| Plaintiff, | Civil Action No.: 1:24-cv-07323 |
| v. | Judge LaShonda A. Hunt |
| PARTHIMPEX, | Magistrate Judge Young B. Kim |
| Defendant. | |

**[AMENDED] COMPLAINT**

Plaintiff, Pink Floyd (1987) Limited ("PFL" or "Plaintiff"), hereby files this [Amended] Complaint against Parthimpex ("Defendant"), and for its [Amended] Complaint hereby alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq. 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant since the Defendant directly targets consumers in the United States, including Illinois, through at least the fully interactive commercial internet store operating under the Defendant alias and/or the online marketplace account (the "Defendant Internet Store"). Specifically, Defendant is reaching out to do business with Illinois residents by operating at least one commercial, interactive internet store through which Illinois residents can purchase products bearing counterfeit versions of Plaintiff's trademarks. The Defendant has targeted sales from Illinois residents by operating at least one online store that offers

shipping to the United States, including Illinois, accepts payment in U.S. dollars, and has sold products bearing counterfeit versions of Plaintiff's federally registered trademarks to residents of Illinois. The Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## INTRODUCTION

3. This action has been filed by Plaintiff to combat Defendant Parthimpex who trades upon Plaintiff's reputation and goodwill by selling and/or offering for sale products in connection with Plaintiff's PINK FLOYD Trademarks, which are covered by U.S. Trademark Registration Nos. 2,194,702; 3,247,700; 4,236,037; 5,521,572; 6,514,317; 5,435,348; 6,784,353 and 6,862,397 (collectively, the "PINK FLOYD Trademarks"). The registrations are valid, subsisting, unrevoked, and uncancelled. The registrations for the trademarks constitute prima facie evidence of validity and of Plaintiff's exclusive right to use the trademarks pursuant to 15 U.S.C. § 1057(b). A genuine and authentic copy of each U.S. federal trademark registration certificate for each of the PINK FLOYD Trademarks is attached as **Exhibit 1**.

4. This Court has personal jurisdiction over the Defendant, because Defendant conducts significant business in Illinois and in this judicial district, and the acts and events giving rise to this lawsuit of which Defendant stands accused were undertaken in Illinois and in this judicial district. In addition, Defendant has offered to sell and ship infringing products into this judicial district.

## THE PLAINTIFF

5. Pink Floyd (1987) Limited is the business entity for the iconic band PINK FLOYD. It is a limited company having its principal place of business in the United Kingdom. PINK FLOYD has been in existence since 1965 and was inducted into the Rock & Roll Hall of Fame in 1996. PINK FLOYD remains active and is an official source of authentic PINK FLOYD products.

6. Plaintiff is engaged in the business of manufacturing, distributing and retailing high-quality concert merchandise including within the Northern District of Illinois District (collectively, the "Plaintiff Products") under the federally registered PINK FLOYD Trademarks. Defendant's sales of counterfeit products in violation of Plaintiff's intellectual property rights are irreparably damaging Plaintiff.

7. Plaintiff's brand, symbolized by the PINK FLOYD Trademarks, is a recognized symbol of high-quality merchandise. The PINK FLOYD Trademarks are distinctive and identify the merchandise as goods from Plaintiff. The registrations for the PINK FLOYD Trademarks constitute prima facie evidence of their validity and of Plaintiff's exclusive right to use the PINK FLOYD Trademarks pursuant to 15 U.S.C. § 1057 (b).

8. The PINK FLOYD Trademarks have been continuously used and never abandoned.

9. Plaintiff has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the PINK FLOYD Trademarks. As a result, products bearing the PINK FLOYD Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being products sourced from Plaintiff.

**THE DEFENDANT**

10. Defendant is a business entity which resides in India. Defendant conducts business throughout the United States, including within Illinois and in this judicial district, through the operation of at least one online marketplace operating under the Defendant Internet Store. The Defendant targets the United States, including Illinois, and has offered to sell, has sold, and continues to sell counterfeit PINK FLOYD products to consumers within the United States, including Illinois and in this judicial district.

## THE DEFENDANT'S UNLAWFUL CONDUCT

11. The success of the PINK FLOYD brand has resulted in its significant counterfeiting. Defendant conducts its illegal operations through its Defendant Internet Store hosted on Amazon.com. The Defendant targets consumers in the United States, including the State of Illinois, and has offered to sell, has sold, and continues to sell counterfeit products that violate Plaintiff's intellectual property rights ("Counterfeit Products") to consumers within the United States, including the State of Illinois:

| Plaintiff's Trademarks | Product offered for sale on Defendant's Internet Store |
|---|---|
| **PINK FLOYD**<br>Protected by U.S. Trademark Registration Nos. 2,194,702; 3,247,700; 5,521,572; 6,862,397 | |
| Protected by U.S. Trademark Registration Nos. 4,236,037; 6,514,317 | |

See also **Exhibit 2.**

4

12. Defendant is engaging in the wholesale misappropriation of intellectual property by separately locating, obtaining, and incorporating 72 distinct images and graphics directly tied to some of the most renowned and successful rock musicians in recent history, including album covers, trademarks, logos, and other intellectual property exclusively owned by artists such as Plaintiff. Defendant knew precisely what intellectual property it was taking and reproducing without authorization.

13. Upon information and belief, Defendant also supplies the counterfeit products to other sellers operating on eBay.com for sale into the United States and Illinois. *See* **Exhibit 3**.

14. Upon information and belief, and at all times relevant hereto, the Defendant in this action has had full knowledge of Plaintiff's ownership of the PINK FLOYD Trademarks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

15. Upon information and belief, Defendant facilitates sales by designing the Defendant Internet Store so that it appears to unknowing consumers to be an authorized online retailer, outlet store, or wholesaler selling genuine PINK FLOYD Products.

16. Defendant's use of the PINK FLOYD Trademarks on or in connection with the advertising, marketing, distribution, offering for sale and sale of the Counterfeit Products is likely to cause and has caused confusion, mistake and deception by and among consumers and is irreparably harming Plaintiff. Defendant has manufactured, imported, distributed, offered for sale and sold Counterfeit Products using the PINK FLOYD Trademarks and continues to do so.

17. Defendant, without authorization or license from Plaintiff, knowingly and willfully used and continues to use the PINK FLOYD Trademarks in connection with the advertisement, offer for sale and sale of the Counterfeit Products, through, inter alia, the internet. The Counterfeit

Products are not genuine PINK FLOYD Products. Plaintiff did not manufacture, inspect or package the Counterfeit Products and did not approve the Counterfeit Products for sale or distribution. The Defendant Internet Store offers shipping to the United States, including Illinois, and the Defendant has sold Counterfeit Products into the United States, including Illinois.

18. Upon information and belief, Defendant will continue to register or acquire listings for the purpose of selling Counterfeit Products that infringe upon the PINK FLOYD Trademarks unless preliminarily and permanently enjoined.

19. Defendant's use of the PINK FLOYD Trademarks in connection with the advertising, distribution, offering for sale, and sale of counterfeit PINK FLOYD Products, including the sale of counterfeit PINK FLOYD Products into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

## COUNT I
## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1)(a))

20. Plaintiff repeats and incorporates by reference herein its allegations contained in the above paragraphs of this [Amended] Complaint.

21. This is a trademark infringement action against Defendant based on its unauthorized use in commerce of counterfeit imitations of the registered PINK FLOYD Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The PINK FLOYD Trademarks are highly distinctive marks. Consumers have come to expect the highest quality from Plaintiff's products provided under the PINK FLOYD Trademarks.

6

22. Defendant has sold, offered to sell, marketed, distributed, and advertised, and is still selling, offering to sell, marketing, distributing, and advertising products in connection with the PINK FLOYD Trademarks without Plaintiff's permission.

23. Plaintiff is the exclusive owner of the PINK FLOYD Trademarks. Plaintiff's United States Registrations for the PINK FLOYD Trademarks (**Exhibit 1**) are in full force and effect. Upon information and belief, Defendant has knowledge of Plaintiff's rights in the PINK FLOYD Trademarks and is willfully infringing and intentionally using counterfeits of the PINK FLOYD Trademarks. Defendant's willful, intentional, and unauthorized use of the PINK FLOYD Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the counterfeit goods among the general public.

24. Defendant's activities constitute willful trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a).

25. Plaintiff has no adequate remedy at law, and if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-known PINK FLOYD Trademarks.

26. The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendant's wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of counterfeit PINK FLOYD Products.

27. Plaintiff is further entitled to recover from Defendant the actual damages it sustained as a result of Defendant's infringing acts or, in the alternative, Defendant's profits from its infringing acts pursuant to 15 U.S.C. § 1117(a), in an amount to be determined at trial.

28. Because of the willful nature of Defendant's infringing acts, Plaintiff is entitled to an award of treble damages or treble profits under 15 U.S.C. § 1117(a).

## COUNT II
## TRADEMARK COUNTERFEITING (15 U.S.C. § 1116(d)(1))

29. Plaintiff repeats and incorporates by reference herein its allegations contained in the above paragraphs of this [Amended] Complaint.

30. Defendant has infringed Plaintiff's PINK FLOYD Trademarks through the use of counterfeit marks within the meaning of 15 U.S.C. § 1116(d)(1(B).

31. Defendant intentionally used counterfeit versions of Plaintiff's PINK FLOYD Trademarks.

32. As a result of Defendant's intentional use of counterfeits of Plaintiff's PINK FLOYD Trademarks, Plaintiff is entitled pursuant to 15 U.S.C. § 1117(b) to recover treble its damages or treble Defendant's profits from the sale of its Counterfeit PINK FLOYD Products.

33. Alternatively, as a result of Defendant's intentional use of counterfeits of Plaintiff's PINK FLOYD Trademarks, Plaintiff is entitled to statutory damages of not less than $1,000, but no more than $2,000,000 pursuant to 15 U.S.C. § 1117(c).

## COUNT III
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

34. Plaintiff repeats and incorporates by reference herein its allegations contained in the above paragraphs of this [Amended] Complaint.

35. Defendant's promotion, marketing, offering for sale, and sale of counterfeit PINK FLOYD products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendant's counterfeit PINK FLOYD Products by Plaintiff.

36. By using the PINK FLOYD Trademarks in connection with the sale of counterfeit PINK FLOYD products, Defendant creates a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the counterfeit PINK FLOYD products.

8

37. Defendant's false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the counterfeit PINK FLOYD products to the general public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

38. Plaintiff has no adequate remedy at law and, if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its brand.

39. Plaintiff is further entitled to recover from Defendant the actual damages it sustained as a result of Defendant's infringing acts or, in the alternative, Defendant's profits from its infringing acts pursuant to 15 U.S.C. § 1117(a), in an amount to be determined at trial.

40. Because of the willful nature of Defendant's infringing acts, Plaintiff is entitled to an award of treble damages or treble profits under 15 U.S.C. § 1117(a).

## COUNT IV
## FEDERAL TRADEMARK DILUTION (15 U.S.C. § 1125(c))

41. Plaintiff repeats and incorporates by reference herein its allegations contained in the above paragraphs of this [Amended] Complaint.

42. Plaintiff's PINK FLOYD Trademarks are inherently distinctive and have acquired distinction through long, continuous, and exclusive use for the PINK FLOYD products and related items.

43. Plaintiff has promoted PINK FLOYD products throughout the United States and worldwide under its PINK FLOYD Trademarks. As a result of such promotion and national recognition, Plaintiff's PINK FLOYD Trademarks have become recognized nationally and internationally as the goods of Plaintiff.

44. Plaintiff's PINK FLOYD Trademarks are famous within the meaning of 15 U.S.C. § 1125(c).

45. Defendant's activities in commerce were conducted with full recognition of Plaintiff's worldwide use of its PINK FLOYD Trademarks and commenced after the PINK FLOYD Trademarks had become famous. Such activities have diluted and will continue to dilute the distinctive quality of Plaintiff's PINK FLOYD Trademarks by lessening their capacity to identify and distinguish Plaintiff's goods and by tarnishing the trademark in violation of 15 U.S.C. § 1125(c)(1).

46. Plaintiff has no adequate remedy at law and, if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its brand.

47. Plaintiff is further entitled to recover from Defendant the actual damages it sustained as a result of Defendant's infringing acts or, in the alternative, Defendant's profits from its infringing acts pursuant to 15 U.S.C. § 1117(a), in an amount to be determined at trial.

48. Because of the willful nature of Defendant's infringing acts, Plaintiff is entitled to an award of treble damages or treble profits under 15 U.S.C. § 1117(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1) That Defendant be found to have violated Plaintiff's trademark rights under 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a);

2) That Defendant, its affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with it be temporarily preliminarily, and permanently enjoined and restrained from:

    a. using the PINK FLOYD Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine

PINK FLOYD Product or is not authorized by Plaintiff to be sold in connection with the PINK FLOYD Trademarks;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine PINK FLOYD Product or any other product produced by Plaintiff that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the PINK FLOYD Trademarks;

c. committing any acts calculated to cause consumers to believe that Defendant's counterfeit PINK FLOYD Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. further infringing the PINK FLOYD Trademarks and damaging Plaintiff's goodwill;

e. otherwise competing unfairly with Plaintiff in any manner;

f. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any Plaintiff trademarks, including the PINK FLOYD Trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof;

g. using, linking to, transferring, selling, exercising control over, or otherwise owning the online marketplace account, the Defendant Internet Store, or any other online marketplace account that is being used to sell or is the means by which Defendant could continue to sell counterfeit PINK FLOYD Products; and

h. operating the Defendant Internet Store and any online marketplace accounts registered or operated by Defendant that are involved with the distribution, marketing, advertising,

11

offering for sale, or sale of any product bearing the PINK FLOYD Trademarks or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine PINK FLOYD Product or not authorized by Plaintiff to be sold in connection with the PINK FLOYD Trademarks.

3) Entry of an Order that, upon Plaintiff's request, those in privity with Defendant and those with notice of the injunction, including any online marketplaces, social media platforms, Facebook, YouTube, LinkedIn, Twitter, internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Internet Store, and online marketplace account registrars, shall:

   a. disable and cease providing services for any accounts through which Defendant engages in the sale of counterfeit PINK FLOYD products using the PINK FLOYD Trademarks;

   b. disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of counterfeit PINK FLOYD Products using the PINK FLOYD Trademarks; and

   c. take all steps necessary to prevent links to the Defendant Internet Store from displaying in search results, including, but not limited to, removing links to the Defendant Internet Store from any search index;

4) That Defendant account for and pay to Plaintiff all profits realized by Defendant by reason of Defendant's unlawful acts herein alleged, and that the amount of damages for infringement of the PINK FLOYD Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

5) In the alternative, that Plaintiff be awarded statutory damages pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the PINK FLOYD Trademarks;

6) That Defendant engage in such additional activities, including, but not limited to, recalls of products and corrective advertising, as may be necessary and appropriate to mitigate the damage that Defendant has caused;

7) That Plaintiff be awarded its reasonable attorneys' fees and costs;

8) That Plaintiff be awarded pre-judgment interest; and

9) Award any and all other relief that this Court deems just and proper.

DATED: September 5, 2024

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt (Bar No. 6207971)
Keith Vogt, Ltd.
33 West Jackson Boulevard, #2W
Chicago, Illinois 60604
Telephone: 312-971-6752
E-mail: keith@vogtip.com

**ATTORNEY FOR PLAINTIFF**